## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| Latareus Horton, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-01151** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Federal Express Corporation d/b/a/ FedEx** | ) | |
| **Ship Center,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Latareus Horton ("Plaintiff") in support of his Complaint against Federal Express Corporation d/b/a/ FedEx Ship Center ("Defendant"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"),

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq.

3.    Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.    All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5.    A charge of employment discrimination on basis of race, color, and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.    Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.    At all times material to the allegations of this Complaint, Plaintiff Latareus Horton, resides in Peoria County in the State of Illinois.

8.    At all times material to the allegations in this Complaint, Defendant is a corporation doing business in and Peoria County whose address is 906 S. Bosch Road Peoria, IL 61607-1121.

9.    Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10.    During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

11.    Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

12.     The Defendant hired the Plaintiff, Latareus Horton (African-American Male) at FedEx Ship Center as a Packer/Shipper on or around November 5, 2020.

13.     The Plaintiff was subjected to discrimination and a hostile work environment because of his race.

14.     The Defendant has subjected the Plaintiff to Race-based discrimination.

15.     Plaintiff is member of a protected class because of his race.

16.     Since the beginning of starting at a different FedEx location, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has discriminated against the Plaintiff because of race.

17.     Because of the Defendant's action the Plaintiff suffered the adverse employment action of his hours being cut, constant and daily racial discrimination all which are a material changes of the employment conditions.

18.     Defendant's performance expectations of Plaintiff were met or exceed during the entire duration of Plaintiff's employment.

19.     Plaintiff suffered multiple adverse employment actions such as harassment, cutting of hours and failure to promote.

20.     Plaintiff can show that the adverse employment actions and the discrimination is solely because of his race.

21.     Defendants subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of his race.

22.     The Defendant has subjected Plaintiff to a hostile work environment because of race.

23.     Defendant subjected the Plaintiff to offensive, degrading and humiliating comments by co-workers that referenced Plaintiff's race.

24.     The environment of discrimination and humiliation pervaded the entire company.

25.     Defendants subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of his race.

26.     Since the Plaintiff began working at this location, the Defendant subjected him to constant racial discrimination.

27.     The Plaintiff attempted to keep his head down and tried to ignore it as best he could; the Plaintiff needs this job to support himself and his family.

28.     The Plaintiff realized that the moment that Management joined in the discrimination, name calling, laughing, and creating the hostile environment, is the moment that the Plaintiff had to complain and participate in protected activity.

29.     The Plaintiff is qualified to the do the job of packer/shipper, as he has been working with the Defendant from November 2020 through the present.

30.     The Plaintiff's duties consist of performing logistic function of packaging merchandise, loading parcels and shipping it.

31.     Plaintiff has multiple years of experience just with the Defendant alone and currently is employed with the Defendant; effectively performing the same tasks and enduring the same discrimination.

32.     On or about February 10, 2022 the Plaintiff was in a verbal disagreement with two of his co-workers, both male Caucasians.

33.     Both of these co-workers referred to the Plaintiff as, "lazy black piece of shit", made comments such as "I can't stand you, fucking n**r", and "You think you deserve special treatment

because you're black?"

34.    The Plaintiff immediately reported this to Supervisor Lauren Bragg.

35.    Supervisor Bragg scheduled a mediation meeting between all three parties in an attempt to "work it out".

36.    Both co-workers, with which the Plaintiff had the disagreement with, came into the meeting hostile and began shouting at the Plaintiff immediately upon seeing him.

37.    They stated "We don't have to sit here with this ape", I don't need to do this with this fucking baboon", additionally stating, "I'm not going to let this black ass ape take my pension", and "If I lose my pension, his black ass is going to find out about it!"

38.    The Plaintiff was in complete shock at the behavior especially in front of Supervisor Lauren Bragg

39.    However, it did not appear that she was surprised and therefore did not diffuse the situation.

40.    The Plaintiff again reported this incident to Monica Amu in the HR Department.

41.    On or about April 14, 2022, the Plaintiff was approached very aggressively by another one of the Plaintiff's co-workers and she moved aggressively close to the Plaintiff's face and said that she will not listen to a "n**r".

42.    The Plaintiff, again, reported this incident to HR.

43.    On or about May 5, 2022, the two co-workers with which the Plaintiff initially had a disagreement with were both given a promotion.

44.    This despite having racially attacked the Plaintiff numerous times

45.    Yet the Plaintiff's many complaints and concerns have been ignored.

46.    On or about May 22, 2022, Manager Charles Caiden came up to the Plaintiff and

unexpectedly without provocation of any kind said to the Plaintiff, "I can't stand your black ass" and just walked away.

47.     The Plaintiff reported this incident to HR, also resulting in no action taken by the Defendant.

48.     On or about October 10, 2022, the Defendant instructed the Plaintiff to ask Kristy (last name unknown) to perform a task.

49.     Upon finding Kristy and beginning to explain to her the task that needed to be done, she abruptly stated, "I don't take orders from people like you!

50.     The Defendant has subjected the Plaintiff to repeated discrimination on the basis of his race, and was retaliated against for making his complaints known, which are in violation of the Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

<u>**COUNT I**</u>
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981**

51.     Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

52.      Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

53.      Defendants' conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

54.      Plaintiff was subjected to and harmed by Defendants' systemic and individual

discrimination.

55.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

56.      Plaintiff demands this count be tried by a jury.

### COUNT II
**Race-Based Harassment in Violation of Title VII of**
**The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

57.     Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

58.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race, African-American, and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59.     Defendants knew or should have known of the harassment.

60.     The race harassment was severe or pervasive.

61.     The race harassment was offensive subjectively and objectively.

62.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race, African-American and his color.

63.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

64. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

65.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on their race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

66.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

67.     As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

68.     By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

69.     Plaintiff demands that this count be tried by a jury.


## COUNT IV
### Demand for Relief for Retaliation in Violation of 42 U.S.C. §2000e, *et seq*.

70.     Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

71.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

72.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

73.     As a direct and proximate result of the above-alleged willful and/or reckless acts of

Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

74.     By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

75.     Plaintiff demands that this count be tried by a jury.


## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.


## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

      a.      Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Compensatory and punitive damages;

      d.      Reasonable attorneys' fees and costs;

      e.      Award pre-judgment interest if applicable; and

      f.      Award Plaintiff any and all other such relief as the Court deems just and proper.


Dated this 13th day of April, 2023.

                            */s/ Mohammed Badwan*
                            **MOHAMMED BADWAN, ESQ.**
                            **SULAIMAN LAW GROUP LTD.**
                            2500 S. Highland Avenue, Suite 200

Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*